IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RITA FAY CUMMINGS,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

Case No. 3:23-CV-03746-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

    On November 20, 2023, Defendant Walmart Inc. removed this case to federal court. (Doc. 1) Walmart alleges jurisdiction is proper pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000. (*Id.*). While Walmart has sufficiently established the diversity of the parties,[1] the Notice of Removal fails to establish that the amount in controversy is greater than $75,000, exclusive of interest and costs. Walmart argues that a good faith assessment of the Complaint, which alleges "severe injuries" from a slip- and-fall accident, "lost wages," and "large sums" of medical expenses "undoubtedly" establishes that the amount in

---

[1] Plaintiff Rita Cummings is a citizen of Illinois and Defendant Walmart Inc. is a Delaware corporation whose principal place of business is in Arkansas. (Doc. 1).

controversy will exceed $75,000. (*Id.*). The Court disagrees.

When a case is removed to federal court, the amount in controversy is determined by looking to the facts alleged in the plaintiff's complaint at the time that the notice of removal was filed. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). When a plaintiff provides little information on the value of their claims, as Ms. Cummings has done here by merely demanding a judgment in excess of $50,000 (Doc. 1-2), a good faith estimate of the amount in controversy is acceptable. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). However, the estimate must be both plausible and supported by a preponderance of the evidence. *Id.* The responsibility of proving that the estimate is both plausible and supported by a preponderance of the evidence falls to Walmart as the removing party. *Id.* The record in this case is devoid of any actual evidence from which a good faith estimate can be made. Walmart has failed to point to evidence of any numerical value beyond the original complaint which sought damages in excess of $50,000. (Doc. 1-2). There is no reference to actual or estimated numbers that could be used to determine if this estimate is plausible. *See Beckum v. Dierbergs Edwardsville LLC.*, 2015 U.S. Dist. LEXIS 67775, at *1-2 (S.D. Ill. 2015) (finding that a good faith estimate relying upon damages alleged, actual medical expenses, and a recommended settlement amount was both plausible and supported by a preponderance of the evidence as required).

Accordingly, Defendant is **ORDERED** to file an Amended Notice of Removal no later than **December 26, 2023,** which clearly establishes how a good faith estimate that the amount in controversy exceeds $75,000, exclusive of interest and costs, is both

plausible and supported by a preponderance of the evidence.

**IT IS SO ORDERED.**

DATED:  December 5, 2023

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**