IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RITA FAYE CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-3746-RJD |
| ) | |
| WALMART INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant Walmart Inc. ("Walmart")'s Motion for Agreed Confidentiality Order (Doc. 20). Plaintiff brought this action against Walmart, alleging that she slipped on an unnatural accumulation of ice at the Walmart store located in Jerseyville, Illinois. (Doc. 1-2). Walmart brought this current motion seeking the entry of an agreed confidentiality order to protect the confidential nature of its contract with a third party for the administration of the facility maintenance for the store where the alleged incident that gave rise to this dispute occurred ("Confidential Supplier Agreement"). (Doc. 20). A hearing was held on this matter, during which Walmart argued that the Confidential Supplier Agreement contained sensitive proprietary information and that Walmart would lose negotiation competitive leverage with other vendors who could use the terms of this agreement to negotiate lower prices. Plaintiff did not object to the entry of the proposed confidentiality order.

For good cause, the Court may enter a protective order to safeguard "trade secret[s] or other confidential research, development, or commercial information." FED. R. CIV. P. 26(c)(1)(G). Even when the parties stipulate to the terms of a protective order, however, they still must make a showing of good cause because it is the Court's duty to independently determine whether entry of

1

a protective order is justified under Rule 26(c).  *See Elder v. Bimbo Bakeries USA, Inc.*, 3:21-CV-00637-DWD2022 WL 3443766, at *2–4 (S.D. Ill. Aug. 17, 2022) (citation omitted).  Good cause requires a showing of "a clearly defined and very serious injury to business."  *Id.*  Courts have found that affording an unearned advantage to competitors can be a good cause for limiting the public's access to certain documents.  *See, e.g.*, *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003).

After an in-camera review of the Confidential Supplier Agreement, the Court finds that the Confidential Supplier Agreement contains commercial information that warrants the entry of a protective order.  Therefore, for good cause shown under Federal Rule of Civil Procedure 26(c), the Court **GRANTS** Walmart's Motion for Agreed Confidentiality Order (Doc. 20) and **ADOPTS** this Agreed Confidentiality Order.

The Court **FINDS** and **ORDERS** as follows:

1. This case involves a slip and fall on an alleged unnatural accumulation of ice at Walmart store located in Jerseyville, Illinois on February 10, 2022. Walmart contracted with CBRE, Inc. as a management partner for facility maintenance, including the Jerseyville, Illinois store, at the time of the incident.

2. The confidential supplier agreement entitled "Walmart Realty Supplier Agreement" ("Confidential Supplier Agreement") entered into between CBRE, Inc. and Walmart Inc. is confidential and is to be used by the parties, their counsel, and their experts for purposes of this litigation only and not publicly disseminated for any reason. If any person having access to the Confidential Supplier Agreement violates this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

3. Walmart is permitted to redact the pricing information from the Confidential Supplier Agreement.

4. Any party seeking to file the Confidential Supplier Agreement in the public record in this action (or in any other action, such as an appeal) must do so under seal in a manner prescribed by the Court for such filings.

5. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced shall, without further request or direction from the Producing Party, promptly destroy all copies of the Confidential Supplier Agreement.

6. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

**IT IS SO ORDERED.**

**DATED:  May 1, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**